UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re  
                                              Case No. 07-81374-DHW  
                                              Chapter 7

BENNY J. CAMP,

     Debtor.

## MEMORANDUM OPINION

Before the court are the applications of Gary S. Olshan to be employed *nunc pro tunc* as a professional person under 11 U.S.C. § 327 (Doc. #32) and for the allowance of professional fees (Doc. #29). The bankruptcy administrator filed responses in opposition to the applications (Docs. #38 and #39), and the matters were set for hearing on March 31, 2008. The parties were given until April 10, 2008 to file briefs, and thereafter, these matters were taken under submission. For the following reasons the court concludes that the applications must be denied.

### Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from the order of the United States District Court for this district referring all title 11 matters to the Bankruptcy Court. At issue here is a claim against the bankruptcy estate, which is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B). As a result, this court's jurisdiction is extended to the entry of a final order or judgment.

### Undisputed Facts

Mr. Olshan represented NC Two LP as its attorney. In 2006, he filed suit on behalf of NC Two LP against Benny Camp in the Circuit Court of Mobile County, Alabama. In that lawsuit, on August 18, 2006, NC Two LP recovered a money judgment against Camp in the amount of $58,542.56.

On October 15, 2007, NC Two LP garnished Camp's bank account and captured $15,487.84. On November 5, 2007, those funds, then in the hands of the Circuit Court Clerk, were condemned, but they were not paid over to NC

Two LP or Mr. Olshan prior to Camp's November 26, 2007 bankruptcy filing.

Upon the filing of the bankruptcy case, Cecil M. Tipton, Jr. was appointed by this court to serve as trustee of Camp's estate. Thereafter, Mr. Tipton and NC Two LP filed a joint motion with the Circuit Court of Mobile County, Alabama requesting that the garnished funds be paid over to Mr. Tipton subject to ultimate distribution in accordance with this court's orders. The state court granted the motion, and the funds were paid over to Mr. Tipton as trustee.

## Legal Conclusions

Mr. Olshan seeks this court's *nunc pro tunc* approval of his employment as an attorney for the bankruptcy estate under 11 U.S.C. § 327 and of his application for compensation for services rendered pursuant to 11 U.S.C. § 330. If the employment is approved, Mr. Olshan contends that any compensation allowed thereunder is entitled to priority status as an administrative claim under § 503(b)(1)(A) and (4). Finally, Mr. Olshan augments his request for compensation relying upon the attorney's fee lien statute, *Ala. Code* § 34-3-61(b) (1975), and upon the so-called equitable "common fund" doctrine.

I. Administrative Expense Status Under § 503(b)(1)(A) and (4)

The pertinent portions of the statute provide:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

  (1)(A) the actual, necessary costs and expenses of preserving the estate, including—
    (i) wages, salaries, and commissions for services rendered after the commencement of the case . . .

  (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of

2

paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant;

11 U.S. C. § 503(b)(1)(A)(i) and (4).

The facts of this case are not dissimilar to those in *In re Hackney*, 351 B.R. 179 (Bankr. N.D. Ala. 2006). There, a creditor that had incurred expenses prosecuting a prepetition, fraudulent conveyance action against the debtor sought administrative expense status for those expenses. The court denied the request, concluding that "only postpetition expenses, not prepetition expenses, may qualify as administrative expenses" under § 503(b). *Id.* at 184 (citing *Tavormina v. Weiner (In re Alchar Hardware Co.)*, 759 F.2d 867 (11th Cir. 1985); *Alabama Surface Mining Commission v. N.P. Mining Co. (In re N.P. Mining Co.)*, 963 F.2d 1449, 1460 (11th Cir. 1992)(noting that administrative expense status relates to postpetition costs)).

This court is persuaded by the reasoning expressed in *In re Hackney* and the 11th Circuit authority cited therein. Expenses incurred prepetition are not entitled to administrative expense status under § 503(b). It follows that, because Mr. Olshan's services were rendered prepetition, his claim for an attorney's fee does not qualify as an administrative expense entitled to priority in this bankruptcy proceeding.[1]

II. Statutory Attorney's Lien

Next, Mr. Olshan contends that he has a statutory lien on the garnished funds securing his attorney's fee. The Alabama statute provides:

(b) Upon actions and judgments for money, they [attorneys] shall have a lien superior to all liens but tax liens, and no person shall be

---

[1] Clothing these prepetition services with the mantle of employment under § 327 would not change the result. *Nunc pro tunc* employment would not convert a claim for prepetition services into a claim for postpetition services.

3

at liberty to satisfy said action or judgment, until the lien or claim
of the attorney for his fees is fully satisfied; and attorneys-at-law
shall have the same right and power over action or judgment to
enforce their liens as their clients had or may have for the amount
due thereon to them.

*Ala. Code* § 34-3-61(b) (1975).

However, perfection of an attorney's lien in money requires possession. The law provides:

(b)(3) a security interest in money may be perfected only by the
secured party's taking possession under Section 7-9A-313.

*Ala. Code* § 7-9A-312(b)(3) (1975).

Mr. Olshan never had possession of the money recovered pursuant to the creditor's judgment in this case. Those funds were in the hands of the Clerk of Court until they were paid to the trustee in this bankruptcy case. Although under Alabama law Mr. Olshan had a lien on the garnished funds under § 34-3-61(b), his nonpossessory lien was and remains unperfected as against the trustee.

III. Common Fund Doctrine

"Generally, the 'common fund' doctrine is an equitable principle designed to compensate an attorney whose services on behalf of his client operated to create, discover, preserve, or protect a fund to which others may also have a claim." *Henley & Clark v. Blue Cross-Blue Shield of Alabama*, 434 So.2d 274, 276 (Ala. Civ. App. 1983). The doctrine, however, is inapplicable if the benefit conferred upon another was merely incidental to the attorney's services on behalf of his/her own client. *Id.* Further, in order to fall within the parameters of the common fund doctrine, a common fund must result. "That is, the party seeking the fees and the party to be charged must both have some interest in the fund." *Id.* (citation omitted). Mr. Olshan's claim for compensation under the common fund doctrine fails to satisfy these requirements.

First, the benefit conferred upon this bankruptcy estate was merely

4

incidental to Mr. Olshan's services to his own client. Mr. Olshan's efforts were taken in order to collect a money judgment on behalf of his own client. Those efforts were in no way motivated to benefit the bankruptcy estate either directly or indirectly. Hence, the benefit to the bankruptcy estate was merely incidental. Second, Mr. Olshan's services resulted in the creation of a fund in which his client, and no one else, had an interest as of the time of the fund's creation. Hence, no "common fund" existed.

If, however, this court has missed the mark and an equitable right to compensation exists under the common fund doctrine, the claim would be unsecured and not entitled to priority status. As such, the trustee could not distribute any funds to Mr. Olshan ahead of priority claims or other unsecured claims. 11 U.S.C. § 726; *see In re Patton*, 358 B.R. 911 (Bankr. S.D. Tex. 2007).

## Conclusion

For these reasons, Gary S. Olshan's applications for *nunc pro tunc* employment and allowance of compensation are due to be denied.

Done this 8th day of May, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Gary S. Olshan, Esq.
　Teresa R. Jacobs, Bankruptcy Administrator
　Cecil M. Tipton, Jr., Trustee